## Case No. 8,404.

### In re LIVERMORE.

[5 Law Rep. 370.]

District Court, S. D. New York. Aug., 1842.

PRACTICE—UNNECESSARY DELAY—NEGLIGENCE.

In bankruptcy.

Mr. Livermore, pro se.
A. Benedict, for the creditors.

THE COURT, after a detailed opinion upon the points in contestation in this case, stated that the rules of the court were designed to prevent unnecessary delays in causes, and that strict diligence would be enforced in supporting opposition to petitioners, and accordingly the creditor must take an order on the docket for hearing within two days on points of law, and if his objections are to matters of fact, instanter on filing them, for a reference to a commissioner. The execution of the reference will only be suspended to abide the decision on the questions of law when those present a bar to the petition. An omission to take the appropriate step within a reasonable time will be deemed a waiver of the objections.

THE COURT decided that objections filed against a decree of bankruptcy cannot, without an express order at the time, be continued and employed against the application for a discharge. The opposition in the latter case, resting upon distinct principles, must be made at the time indicated by the notice and rules, and in the appropriate manner. That accordingly the course pursued by the creditors was irregular and would be nugatory had the bankrupt proceeded correctly and with diligence. But having been guilty of laches himself, and now applying to the favor of the court to rectify his omissions, it was ordered that the creditors have leave to show cause, the day after to-morrow, why he should not be permitted to take his amendments nunc pro tunc, and enter his final decree.